IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL HUTCHINSON | : | CIVIL ACTION |
| v. | : | |
| RAYMOND LAWLER, et al | : | 09-5540 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                              May 26, 2010
UNITED STATES MAGISTRATE JUDGE

          Presently before this court is a Petition for a Writ of Habeas Corpus filed, *pro se*, pursuant to 28 U.S.C. § 2254. Darnell Hutchinson ("Petitioner") is currently serving a sentence at the Huntingdon State Correctional Institution in Huntingdon, Pennsylvania. Petitioner seeks habeas relief based on a sentencing error. The Honorable Berle M. Schiller referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons set forth below, it is recommended that Petitioner's habeas claim be DISMISSED without an evidentiary hearing.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

          On April 18, 1988, Petitioner pled guilty to a single charge of conspiracy related to a series of armed robberies in Philadelphia, PA. Resp. at 1; Commonwealth Exhibit ("Comm. Ex.") A. On that same day, Petitioner was sentenced to an aggregate term of incarceration of two and one-

---

[1] The facts set forth were collected from Petitioner's Habeas Corpus Petition ("Pet."), Petitioner's Memorandum of Law ("Pet'r Mem."), Petitioner's Response to the Respondent's Answer ("Pet. Resp.") the Response to the Habeas Petition ("Resp.") inclusive of all exhibits thereto, and the other documents filed by the parties.

half to five years to be served consecutively to other sentences Petitioner was then serving.[2] Comm. Ex. B at 1-2. Petitioner did not a direct appeal to the Pennsylvania Superior Court. Resp. at 2.

On August 28, 2006, Petitioner filed a petition, *pro se*, under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. Comm. Ex. B at 2. Petitioner was appointed counsel, and counsel filed an amended and two supplemental petitions. Resp. at 2. On May 13, 2008, the PCRA court dismissed the petition as untimely and issued an opinion on September 3, 2008. Resp. at 2. Petitioner appealed and the Pennsylvania Superior Court affirmed on May 5, 2009. *Id*. at 2-3.

On November 9, 2009,[3] Petitioner filed a federal habeas corpus petition alleging a violation of his plea agreement because he pled guilty to a single charge of conspiracy in order to receive a two and one-half to five years sentence that would run concurrently, not consecutively, with his other sentences. Pet'r Mem. at [2]. The Commonwealth contends that Petitioner's claim should be dismissed as untimely. Resp. at 8. This court agrees.

## II. DISCUSSION

### A. The AEDPA Period of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted, imposing a one year period of limitations ("AEDPA year") for filing habeas corpus petitions. *See* 28 U.S.C. § 2254(d)(1). The AEDPA year begins to run on the latest of:

---

[2] At the time of sentencing Petitioner was serving sentences of twelve and one half to twenty-five years and five to ten years on two other unrelated matters. It is not apparent from the record if these sentences were to be served consecutively or concurrently. Comm. Ex. B n. 2.

[3] A prisoner's *pro se* habeas petition is deemed filed the moment the prisoner delivers it to prison officials for mailing to the district court. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The current habeas petition was docketed on November 20, 2009. However, since Petitioner signed the original petition on November 9, 2009, this court will assume that he delivered it to prison officials for mailing on that date.

>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Prisoners whose convictions became final prior to April 24, 1996, are allowed a one year "grace period" to initiate their habeas petitions. *Burns v. Morton*, 134 F.3d 109, 111-12 (3d Cir. 1998).

A judgment becomes final after the time for seeking discretionary review expires, even when discretionary review is not sought. *See Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999). Based on the procedural history summarized above, Petitioner's conviction became final on May 18, 1988, the date his ability to seek appeal to the Pennsylvania Superior Court expired. *See* Pa.R.App.P. 903. A petitioner's conviction that becomes final prior to the enactment of AEDPA has a one year grace period from April 24, 1996 (the date AEDPA took effect) to file a habeas petition. *See Swartz v. Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000). The current habeas petition was not filed until November 9, 2009, more than twelve (12) years after the AEDPA deadline. Therefore it is untimely unless a tolling exception applies.

**B. Statutory Tolling**

If, prior to the expiration of the AEDPA year, Petitioner timely sought collateral review, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed his PCRA petition on April 28, 2006. Comm. Ex. B. at 2. Petitioner's PCRA petition did not toll the AEDPA year, because it was deemed untimely by the state court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005). Therefore, unless Petitioner qualifies for equitable tolling, his habeas petition is time-barred.

**C. Equitable Tolling**

The Third Circuit has held that the one-year AEDPA period of limitations functions as a statute of limitations, and is hence, subject to equitable tolling. *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d. Cir. 1998). Courts may equitably toll the one-year period when "principles of equity would make [the] rigid application [of a limitation period] unfair." *Id.* at 618. A petitioner seeking equitable tolling must demonstrate that: (1) "the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing [the] claims." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)). Petitioner has failed to show that he qualifies for equitable tolling. He has neither demonstrated that extraordinary circumstances prevented from asserting his rights nor has he shown that he exercised "reasonable diligence" in investigating and pursuing his federal claim. Petitioner alleges that after-discovered evidence, which he discovered in 2005, indicates a sentencing error

by the trial court. Pet'r Mem. at [2]. Petitioner alleges that his wife reviewed a handwritten sentencing order from the Court of Common Pleas and discovered that the order shows the word "concurrent" crossed out and the word "consecutive" written above it on the sentencing order. Pet. Resp. at [2]. He alleges that this after discovered evidence indicates a sentencing error which warrants habeas relief. Assuming *arguendo* that the court finds Petitioner's after discovered evidence shows a sentencing error, Petitioner has failed to demonstrate due diligence in presenting his claim because he waited almost a year after discovering this evidence to file any petition for relief regarding this alleged error. *See* Comm. Ex. B at 2. Petitioner by his own admission was made aware of this alleged error in 2005, Pet'r Resp. at [2], and waited more than four years later to file a petition for federal relief. Petitioner did not file his habeas petition until more than twelve years after the AEDPA time period expired and he has not convinced this court that a rigid application of the statute would be unfair. *Fahy*, 240 F.3d at 245. Therefore, equitable tolling should be denied and Petitioner's habeas petition should be dismissed as time-barred.

### III. CONCLUSION

Petitioner's claims are time-barred. Petitioner has not demonstrated that statutory or equitable tolling would render his habeas petition timely. Reasonable jurists would not debate the appropriateness of the court's procedural disposition of his claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

**RECOMMENDATION**

AND NOW, this 26th day of May, 2010, for the reasons contained in the preceding report, it is hereby RECOMMENDED that petitioner's time-barred claims be DISMISSED, without an evidentiary hearing. Petitioner has not met the statutory or equitable tolling requirements to overcome AEDPA's time bar and entitle him to a decision on the merits. Moreover, Petitioner has not established that any reasonable jurist could find this procedural ruling flawed. Therefore, a certificate of appealability should not be issued.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file objections may constitute a waiver of any appellate rights.

It be so **ORDERED**

                                            */s/ Carol Sandra Moore Wells*
                                            CAROL SANDRA MOORE WELLS
                                            UNITED STATES MAGISTRATE JUDGE